UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| STATE OF MICHIGAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09-cv-39 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| MICHAEL JOHN MODENA, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| _____ ) | |

On January 15, 2009, Michael John Modena filed a *pro se* notice of removal, purporting to remove to this court a criminal action now pending against him in the Eaton County, Michigan, Circuit Court.  (*People v. Michael Modena*, file no. 08-020346-FH-E).  The pending circuit court charges are brought under Mich. Comp. Laws § 440.9501(6), which makes it a felony to knowingly file a false or fraudulent financing statement to perfect a security interest under the Uniform Commercial Code.  Mr. Modena's notice of removal alleges numerous violations of his rights in the state criminal prosecution, including ineffective assistance of counsel, lack of probable cause to support a search warrant, misconduct and breach of trust by investigating officers, and violation of due process rights.  Mr. Modena has provided the court with only selective portions of the state-court record, so the status of the state-court prosecution is not apparent.

When a criminal case is removed from the state courts, the federal district court has the authority to take notice of and determine the presence or absence of jurisdiction on its own motion.  The Removal Act directs the district court to examine the removal notice promptly.  The

Act continues: "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). After examining the notice of removal and all attachments, this court concludes that it lacks subject-matter jurisdiction over the removed criminal case. The removed action will be summarily remanded to the Eaton County Circuit Court.

Federal law allows removal of state criminal proceedings only in the rarest of circumstances. Removal of criminal proceedings is a grave intrusion upon the state system of justice, and it is therefore allowed only when authorized by an act of Congress. The removal petition cites several statutes, but the facts alleged in the petition would not allow removal under any conceivable statute. 28 U.S.C. § 1442 allows federal officers to remove criminal prosecutions against them in certain circumstances. *See Mesa v. California*, 489 U.S. 121 (1989). Defendant does not allege that he is an officer of the United States. 28 U.S.C. § 1442a allows removal of some criminal actions against members of the armed forces. Again, defendant does not allege that he was a member of the armed forces at the time of the offense.

28 U.S.C. § 1443 allows removal of criminal cases in two circumstances. First, the case is removable if it is pending against a person who is denied or cannot enforce in the courts of the state a right under federal law providing for equal civil rights of citizens. Such laws are limited to those guaranteeing racial equality. *See Georgia v. Rachel*, 384 U.S. 780, 786-94 (1966). Removal under this statute is limited to those persons who are unable to enforce their right to racial equality because of some formal expression of state law. 384 U.S. at 803. In the present case, defendant does not allege any violation of a federal right to racial equality. Instead, he asserts federal defenses to the state prosecution, and alleges violations of general constitutional rights

arising during the course of the criminal proceeding. This is plainly insufficient. *Rachel*, 384 U.S. at 792; *see Michigan v. Bailey*, 885 F. Supp. 167, 169 (W.D. Mich. 1995) (assertion of a defense available in state court is not grounds for removal of criminal action). Furthermore, defendant has not identified any policy of the law of the State of Michigan that denies him the right to equal treatment on account of his race.

The other basis for removal under 28 U.S.C. § 1443 is available only to federal officers or state officers and persons assisting them in the performance of their duties. *See City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Defendant does not allege that he is a federal or state officer falling within the protection of this statute.

Mr. Modena was a defendant in a criminal case in this court, in which he filed numerous, frivolous motions both before and after his conviction. *United States v. Modena*, 1:99-cr-47. He has instituted a number of other *pro se* cases, which various judges of this court have found to be frivolous. Mr. Modena's attempt to interfere with the orderly progress of a state criminal prosecution is likewise frivolous. This matter clearly falls within the jurisdiction of the state courts, and not the federal district court. Mr. Modena is free to assert all his federal defenses in the state courts and, if unsuccessful, may seek *certiorari* in the United States Supreme Court. His removal of this action from the state circuit court was done improvidently and without jurisdiction. The court is therefore required to remand the action pursuant to 28 U.S.C. § 1446(c)(4).


Dated:   January 26, 2009              /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        Chief United States District Judge